### No. 10,117
### Orleans

---

### H. F. FOSTER, Appellant v. JOSEPH L. QUEALY

---

(November 30, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Obligations—Par. 87. 90.**

Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract.

Appeal from the First City Court, Hon. Wm. Alexander Bahns, Judge.

This is a suit to collect four promissory notes. The defendant denied any indebtedness to plaintiff. There was judgment in favor of plaintiff subject to a judgment granting defendant certain credits against the plaintiff. Plaintiff appealed.

Judgment amended and affirmed.

Francis P. Burns, of New Orleans, attorney for plaintiff, appellant.

J. J. McCloskey, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.  This is a suit on four promissory notes.

Plaintiff alleged that he was holder of four promissory notes made by the defendant to the order of plaintiff; that three of said notes were dated February 24, 1921, and were for $67.50 each, payable respectively at 30, 60 and 90 days after date with eight per cent per annum interest from date till paid, and twenty per cent attorney's fees on principal and interest; and the fourth note was dated February 27, 1922, for the sum of $27.50 payable on demand with eight per cent per annum interest from date till paid and twenty per cent attorney's fees on principal and interest.

Plaintiff prayed for judgment for $202.50 with eight per cent per annum interest from February 24, 1921, till paid, and for twenty-seven 50/100 dollars with eight per cent per annum interest from February 27, 1922, till paid, together with twenty per cent attorney's fees on the capital and interest of said two sums, and all costs of suit.

The defendant denied any indebtedness to plaintiff; he admitted making the four notes sued on, but denied any liability thereon to plaintiff "for the reason that the said notes have been paid out of commissions or premiums of insurance paid to the plaintiff by Joseph A. McMahon and Co., from which said premium of insurance

defendant was to receive 50 per cent of the amount thereof, and which said payment was made to the plaintiff by defendant by crediting defendant's indebtedness to plaintiff on said notes herein sued upon".

There was judgment in favor of plaintiff for $230, and in favor of defendant against the plaintiff for $179.20 to be deducted from the judgment in favor of plaintiff.

The plaintiff has appealed.

The agreement between the plaintiff and the defendant is evidenced by the following document:

"New Orleans, La., October 11th, 1917.
"Mr. H. F. Foster, City.
"Dear Sir:

"In consideration of your advancing me the sum of $300 I do hereby agree to the following:

"I am to write all business that necessitates my calling upon the agent exclusively with you. All business that I may write personally will be written and credited as follows:

"The commission on this business is to be credited by you on the above amount advanced me. The business that I write with you personally we are to split fifty-fifty and one-half of my commission on this business is to be paid by me to you and credited on the above advanced amount. I am also to place with you all the fire insurance, automobile, liability and workman's compensation on the basis of fifty-fifty. My fifty to be retained by you and credited to the above advanced amount. This agreement in consideration of the above advance is to run from one year from date.

"Yours very truly,
"(Signed) Joseph L. Quealey."

The plaintiff contends that the above agreement was, as stated therein, for one year only, and was never renewed or continued, while the defendant asserts that the agreement continued for the succeeding years until the year 1923, when he and the plaintiff ceased to be friends. There is no evidence of any express agreement to that

effect after the expiration of the contract on October 18, 1918. But the conduct of both parties shows that there was an implied understanding to that effect.

The testimony of both the plaintiff and of the defendant is to the effect that subsequent to the issuances of the note of $300 and for several years thereafter, they had several adjustments of the debt, which was each time reduced, by credits arising from defendant's share in the commissions and new notes issued to represent the balance due, until the note of $300 was reduced to $202.50 for which the three notes sued on were issued in May, 1921. Both plaintiff and defendant testify that defendant never paid plaintiff any money. The credit on the original indebtedness were therefore exclusively as many commissions to which plaintiff acknowledged defendant was entitled. These credits were for years subsequent to the expiration of the contract, namely for 1918, 1919 and 1920. It was n acknowledgment on the part of the plaintiff that defendant was entitled to these credits after the year 1918. If defendant was entitled to a credit for the years 1918, 1919 and 1920, for the same reason he was entitled to a credit for commissions subsequent to these years in 1921 and 1922, until the plaintiff and defendant fell out. All the circumstances surrounding the origin of the agreement between the plaintiff and the defendant prove that he was so entitled.

Defendant was an accountant in the employ of McMahon; he knew the plaintiff who was in the insurance business; he procured from the plaintiff a promise to divide commissions on policies he might secure for him; he solicited McMahon and induced them to give their insurance to the plaintiff; on that assurance plaintiff loaned him $300 which were to be repaid by his share in the commissions which plaintiff was to earn; plaintiff knew that the de-

fendant's share in those commissions would not be sufficient to extinguish the debt in one year; at the end of the year 1917, and during the year 1918, McMahon continued to insure with Foster and so during 1919, 1920 and 1921, and 1922; and at intervals during three of those years adjustments were made of the note of $300 between the plaintiff and defendant by crediting the debt with commissions earned during those years, when at last the amount of commissions reduced the note to $202.50.

There was nothing said, then, that the agreement should not continue, and McMahon continued to give the plaintiff his insurance with a view of assisting the defendant.

R. J. Coburn, fully confirms this conclusion. He was Vice-President and Treasurer of McMahon in 1917, and defendant was the bookkeeper. He says:

"We gave the business solely to Mr. Foster through Mr. Quealy * * * That is why we gave the business to Foster. Mr. Quealy used to keep books for P. J. McMahon and Co., and we only gave the business to Mr. Foster because Mr. Quealy got a commission out of it * * * only through Mr. Quealy's solicitation * * * he insisted on giving it to Mr. Foster to get a commission * * * if Quealy had not gotten commissions he would not have given the business to Foster * * * he gave him the business for the years 1917 and 1923, he ceased giving the business to Foster in 1923 because Quealy asked them to take it away as he was not getting any more commissions."

We remain satisfied therefore that defendant was entitled to a share in the commissions for the year 1921 and 1922. C. C. 1816 "Actions without words either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract"

He is not entitled to a share in the commissions of the year 1920, amounting to $173.23 for the reason that an adjustment or settlement was made in February, 1921, which is presumed to have included the commissions earned in 1920 as there is no allegation or proof of error in that settlement.

The sole question remaining is the amount of the commissions to which defendant is entitled.

The evidence is that the commission earned by plaintiff from McMahon during 1921 amounted to........................$156.15 and during 1922 to.................... 29.03
    making a total of....................$185.18

entitling defendant to a credit of one-half or ....................92.59.

It is therefore ordered that the judgment appealed from be amended so as to read as follows:

It is ordered that the defendant Joseph L. Quealy be condemned to pay to the plaintiff Horace F. Foster the sum of One Hundred and Thirty-seven 41/100 Dollars with eight per cent per annum interest from February 24, 1921, till paid together with twenty per cent attorney's fees on the principal and interest, the defendant to pay the costs of the District Court and the plaintiff to pay the costs of appeal.

Judgment amended and affirmed.